**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JULIE BROWN, on behalf of herself and all others similarly situated,

Plaintiff,

v.

ZEALTHY, INC. AND FITRX, LLC.,

Defendants.

No. 4:26-CV-00386

(Chief Judge Brann)

**MEMORANDUM OPINION**

**NOVEMBER 18, 2026**

Plaintiff Julie Brown brings this class action against Defendants Zealthy Inc. ("Zealthy") and FitRX, LLC ("FitRX") under the Telephone Consumer Protection Act ("TCPA").[1] Brown alleges that Defendants repeatedly sent telemarketing texts to phone numbers, including hers, that appeared on both the national do-not-call registry and Defendants' own internal do-not-call list.[2] However, the instant unopposed motion is unrelated to the merits: Zealthy's unpaid counsel now seeks to withdraw.[3] For the reasons that follow, the motion will be granted.

---

1 *See* Doc. 15.
2 *Id.*
3 *See* Doc. 28.

## I. BACKGROUND

Ice Miller LLP ("Ice Miller") has represented Zealthy in this action since February 27, 2026 on a retainer and invoice basis.[4] On May 11, 2026, Ice Miller invoiced Zealthy for legal services on this and other TCPA cases, amounting to over $100,000 in fees.[5] Zealthy acknowledged the invoice but failed to respond to Ice Miller's subsequent inquiries.[6] Both the invoice and retainer remain unpaid.[7] Ice Miller unsuccessfully attempted to secure payment, including by warning Zealthy that it would withdraw as counsel.[8] Consequently, on July 10, 2026, Ice Miller filed this unopposed motion to withdraw.[9]

## II. WITHDRAWAL STANDARD

Pennsylvania Rule of Professional Conduct 1.16(b)(5) allows for withdrawal of counsel if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."[10] This Court's Local Rules incorporate the Pennsylvania Rules of Professional Conduct in full.[11] Further, Local

---

4 Doc. 30, at 3.
5 *Id*. at 5.
6 *Id*. at 4-5.
7 *Id*. at 5.
8 *Id*. at 4-5.
9 *Id*. at 1.
10 Pa. R. Prof. Cond. 1.16(b)(5).
11 M.D. Pa. L.R. 83.23.2.

Rule 83.15 states that an "[a]ppearance of counsel shall not be withdrawn except by leave of court."[12]

"[A] corporation may appear in the federal courts only through licensed counsel."[13] But the United States Court of Appeals for the Third Circuit has held that "a law firm can withdraw from representing a corporation even before the corporation retains new counsel when the withdrawing firm 'serves no meaningful purpose.'"[14] The Third Circuit has identified three persuasive factors relevant to a showing of "no meaningful purpose:" (1) the burden imposed on withdrawing counsel if motion to withdraw is denied; (2) the stage of the proceeding; and (3) the prejudice to all parties.[15] The moving party has the burden of demonstrating "no meaningful purpose."[16]

## III. DISCUSSION

Ice Miller has met its burden. Start with the first factor: the burden on counsel. "Courts have consistently allowed law firms to withdraw from representing a

---

12 M.D. Pa. L.R. 83.15.

13 *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 22 U.S. 738, 829 (1824)).

14 *Buschmeier v. G & G. Investments, Inc.*, 222 F. App'x 160, 163-64 (3d Cir. 2007) (quoting *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986)).

15 *Id.* at 164 (citing *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537 (7th Cir. 2002)); *but see Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 294-95 (3d Cir. 2014) ("[T]here is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal. Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations. The interests will vary widely from case to case.").

16 *Firearms Ctr.*, 802 F.2d at 680.

corporation before new counsel has entered their appearance when there are substantial unpaid bills and a poor prospect of future payment."[17] Here, Ice Miller is already owed over $100,000; that sum would only grow if the Court denied the motion.[18] Denial would therefore burden Ice Miller financially and cause undue prejudice. Further, Zealthy's failure to communicate with Ice Miller strongly suggests that continued representation would be futile.

Next, consider the stage of the proceedings. This litigation has barely begun; Zealthy has not answered the complaint yet and the only pending matter—a motion to compel arbitration—is one that parties typically file at the onset of litigation.[19] Finally, the motion is unopposed, so the Court cannot infer that withdrawal will

---

17 *Granite Cos., LLC v. City Cap. Corp.*, CV 07-3078, 2011 WL 13377317, at *1 n.1 (E.D. Pa. June 1, 2011) (quoting *Select Brokerage Servs., Inc. v. Asset Bldg. Consultants, Ltd.*, No. 10-953, 2011 WL 283186, at *3 (W.D. Pa. Jan. 26, 2011), *overruled in part on other grounds*, *Makina Ve Kimya*, 760 F.3d 290).

18 Doc. 30, at 5; *see AlfaModess Logistics, LLC v. Catalent Pharma Sols., LLC*, CIV.A. 09-3543, 2013 WL 1795459, at *2 (E.D. Pa. Apr. 29, 2013) (citing over $95,000 in unpaid legal fees as favoring withdrawal); *see also Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 85 (3d Cir. 2013) (citing $5,000 in unpaid legal fees as favoring withdrawal).

19 *See Volpe v. Jetro* Holdings, 2008 WL 4916027, at *8 (E.D. Pa. Nov. 14, 2008) (citing *Hankee v. Menard, Inc.*, No. 01-C-661-C, 2002 WL 32357167, at *5 (W.D. Wis. Apr. 15, 2002) ("[A] party must demand arbitration as early as feasible once litigation has begun.")); *see also Fuller v. Cabinetworks Michigan, LLC*, 4:24-CV-01618, 2025 WL 365638, at *7 (M.D. Pa. Jan. 31, 2025) ("Section 4 [of the Federal Arbitration Act] is designed to ensure that 'courts process the venue question quickly so the parties can get on with the merits of their dispute in the right forum.'") (quoting *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014)).

prejudice any party. And as Ice Miller notes, the Court can mitigate against the risk of prejudice by setting appropriate deadlines.

## IV. CONCLUSION

For the reasons set forth above, the motion to withdraw is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge